Call the next case. Case number 12-1077, people be, Chalamar, Santiago. The parties who are going to make a presentation, please approach the bench at the podium and identify yourselves and the party that you represent. My name is Allison Shaw and I represent the defendant, Chalamar, Santiago. Good morning, Assistant State's Attorney Peter Maltese on behalf of the people. All right, we have reserved 30 minutes for this case. With that time being divided equally between the parties, the appellant may reserve a few minutes for rebuttal. You may proceed. May it please the court, as I said, my name is Allison Shaw and I represent Chalamar, Santiago. Today I would like to focus on issue one, whether the trial court erred in refusing to instruct the jury on the lesser included offense of reckless homicide. There's no dispute here that Santiago struck the navigator with the minivan he was driving. The question is whether there was some evidence that his actions... There's also no dispute that it was an intentional act. Right. It was an intentional striking of the vehicle. Repeatedly. Repeatedly. Although there is some question as to how many times. Right. The key here is, though, that while the act of striking the vehicle may have been intentional, of the navigator, may have been intentional, there was some evidence that the result of that act, the navigator flipping over, was the result of reckless conduct. May I interrupt for the purpose of getting you to address what I think is a dispute between the sides, which is potentially very important? And that is the standard of review? Well, first of all, I would maintain that reversal is likely warranted under either standard of review, whether it's de novo or abuse of discretion. However, I think the standard of review divides into two different parts. Regarding the question of whether there was some evidence of reckless conduct, that would fall under the de novo standard of review because it's a question of fact. The trial court's decision in finding that there was no evidence of reckless conduct... What do you mean? It's a matter of law, not a matter of fact. Oh, I'm sorry. Matter of law. Right? Okay. The trial court's decision, however, there is a case law that the trial court's decision should be reviewed under an abuse of discretion standard. Okay. Maybe there isn't that much of a dispute as appears in the briefs. Right. Okay. However, I would maintain that even under that standard, the trial court abused its discretion here because there was some evidence that Santiago acted recklessly. Which is what? At a minimum, both Robert Thompson and Contran testified that the navigator was making a left turn, a sharp left turn, when the final strike happened on the back left bumper of the navigator. Moreover, there was some testimony... So you're saying the fact that the victim's car was making a left turn on the last of several intentional acts to make contact creates a factual issue that would support recklessness? I think so because I think the jury could have concluded that it contributed to the instability of the vehicle, causing it to flip over. The previous strikes, whether it was one or two prior strikes to that, were directly behind and did not cause the vehicle to roll over. And I think it's a fairly unusual circumstance in general that a vehicle is caused to roll over by a rear-ended strike like that. Even at 50 or 60 miles an hour, which was the estimated rate of speed? Well, there's an also... I mean, that's the issue here is that the evidence is not exactly clear on any of these things. The Chief Timothy, the fire officer who testified, estimated that the vehicles were going closer to 30 miles an hour. So there are... Basically, this comes down to the fact that there is some evidence, there is some basis for the jury to have concluded that... to base a conclusion that Santiago acted recklessly, even though he was committing intentional acts. And that's what DiVincenzo says. The court said there that a defendant may act recklessly where he commits deliberate acts, but disregards the risk of those actions. And here, there's also no evidence, no direct evidence of Santiago's intent in striking the vehicle. The only... There is testimony from the passenger, Ms. Soto, that he said, you know, they're trying to kill us and that she was telling him to stop. But there's no evidence of him affirmatively saying, I'm trying to kill them or I'm trying to cause a draw over. There was the evidence of basically that constitutes the revenge motive and the affirmative statement that these people were being targeted because of their supposed involvement with what would be considered by them as a rival street gang. So then you have a situation where somebody identifies the occupants incorrectly, as it turns out, as rival street gang members, then makes a decision to strike their vehicle not one but multiple times, including, call it 30 miles an hour, call it 50 or 60 miles an hour. And what are you left with there? I mean, I think that's the thing. At this stage, we don't need to prove wholly that he acted. We don't need to prove that they would have found him guilty of reckless homicide, but just that the jury had something to base their decision on. Under the abuse of discretion standard, you also have that no reasonable prior effect would have made that decision. It was unreasonable, arbitrary not to give the instruction under those circumstances. Right. Because there was some evidence for which the jury to have based this conclusion on. In addition, more evidence of that, which is also part of that the jury could have relied on, is the testimony about the wheels that were on the Navigator, that they were extremely wide wheels with extremely narrow tires. Let me ask you this. Let's just take it to a different hypothetical. Let's say that you're driving an automobile or a vehicle like the defendant was driving in this circumstance, and you decide to strike a pedestrian. I think under those circumstances, you would agree with me that it would be not a reckless act. It would be clearly not reckless under those circumstances, wouldn't you? Right. And let's say if it was a he was on a motorcycle instead of on a, the victims were on a motorcycle and not inside a car. That wouldn't be reckless either, would it? Right. So the question then becomes whether the fact that they are in another enclosed vehicle would arguably support recklessness rather than. I mean, I think here we have to look at the facts that were given in this case, which is that it was a net that, you know, the Santiago saw a Navigator that he whether rightly or wrongly feared or thought that he, you know, was threatened by or felt threatened by and proceeded to strike it with the minivan he was driving. The key here, though, is that those acts, while they may have been deliberate, could still be reckless simply because he was disregarding the risk that the Navigator could flip over. Go ahead. The cases that you cite that support your point, the Sinzio and the other one, they involve situations where a person is struck with the hand or fist of somebody else. Right. And that is an instrumentality which is not necessarily fatal depending on the circumstance. Right. There's a line of cases that say if you fire a gun at someone, at someone's direction, that's not recklessness. Here we have an instrumentality, a multiple thousand-pound vehicle. Isn't that more like the pistol? If you intentionally ram someone's vehicle with a heavy vehicle, that's more not recklessness but intentional? Well, I think it's similar to in DiVincenzo the fact pattern where you're striking someone with your fists or knees or feet in that you are causing harm, deliberately causing harm, but you are disregarding the risk that someone could die from that harm. Here you have a vehicle striking another vehicle, something that happens every day, that does not always result in the vehicle rolling over. Does it happen every day? Intentionally and repeatedly? Intentionally and repeatedly without it rolling. I mean, that's the key here is not the act of striking the vehicle but the result of that action. It's not simply a matter of whether he was intentionally striking the vehicle because here we need the key to focus on is that he was acting deliberately but disregarding the risk of his actions. And that risk that he was disregarding was that the vehicle could flip over, that the people in the vehicle could be injured by a rollover crash. And isn't there within the standard of review room to say that whereas some judges might have given that instruction on reckless homicide, others might not? And it wasn't unreasonable for the judge in this case not to? I mean, I would argue that the judge did abuse his discretion because there was some evidence and that's what the standard is, that there only needs to be some or very slight evidence to support the instruction on reckless homicide. And the judge erroneously concluded that there was no evidence. Like his ruling instead focused on the act of striking the vehicle saying, you know, this was an intentional act, I only see that he's striking this vehicle intentional. However, that does not address the issue of whether the result of that act was intentional or whether it was reckless conduct. What about the line of cases in People v. Greer and People v. Fonville that talk about where the evidence presented at trial is sufficient to convict the defendant on the greater offense instructing only on the greater offense is not reversible error? I mean, I would argue that here the issue with a lesser included jury instruction is that by refusing to instruct the jury on this lesser included offense, you're removing from them the option of finding the defendant either guilty of first degree murder or acquitting him. And in a case like this where there was clearly some wrong done, the jury really only had the option of finding him guilty of first degree murder. Had we don't know what would have happened had the jury been given a different option, the option of saying, well, he did something wrong, but we're looking to this evidence as well. And that's something that's a question for the jury to decide that the judge took out of the jury's hands in refusing this lesser included instruction. If there's no further questions, I'd like to reserve the remainder of my time for rebuttal. Thank you. May it please the Court, once again, Assistant State's Attorney Peter Maltese on behalf of the people. The trial court correctly denied respondents' request for the lesser included instruction of reckless homicide. Today, counsel argues or at least concedes the fact that defendant intentionally struck the victim's SUV. Not just today in the briefs. Well, definitely on the reply brief. On the reply brief, defendant states defendant is not arguing that striking was unintentional. At trial, that's not what counsel argued. Counsel argued it was an accident. He argued it in the opening statement. He argued it throughout trial, closing statement. He argued it during sentencing. Even in elocution, defendant was saying this was an accident. And the court correctly found that it was not an accident. The court correctly found that these were intentional acts. Would it have been error for the judge to have granted the request for the instruction in your view? Yes, it would. Why? Because there's absolutely no evidence supporting that defendant's actions were reckless. Can't recklessness go beyond the issue of whether the act was intentional and address the issue of whether the result was the intended result or whether it was something that they had no reason to believe would be as serious as that which occurred? Certainly in other cases. Mainly the punching cases. The defendant punches a victim. The victim falls over and hits his head on something, and the victim dies. In a demolition derby where somebody intentionally hits another car, which we used to watch when we were kids, at least people of my age, on the Wide World of Sports from West Islip, New York, these guys are going around in a figure-eight track and bashing into each other, but certainly not trying to kill each other. No, certainly not in that situation also. In this situation, though, we have a defendant who's angry over an earlier gang incident and prior to his three attacks on the victims flashes a gang sign. But that's part of the evidence. Part of the other evidence is before the court is that this was an accident, right? You just said it. That was an argument. I don't concede by any stretch of the imagination that's what the evidence showed. And counsel's concession today is an admission that the evidence does not show this was an accident. The fact that people got injured and died in this is not such an extraordinary result that was unforeseeable. And whether or not defendant intended to have the van roll over is beside the point. Defendant's actions are very, very clear that he intended to do harm to the people in the van. But you intend to do harm when you punch someone, too. The question is what type of harm is it reasonable to attach to the person striking the blow, either by car or by gunshot or by punch. And we've got, as Justice House questions to your adversary point out, different views depending on the nature of the blows that are struck. And the question really becomes whether the circumstances of this case would support at least slight evidence, because that's all that's required, that the harm was not reasonably contemplated to be the harm that actually occurred here. Well, the multiple things that defendant did. Defendant, the initial strike was 50 to 60 miles an hour. Judge Timothy saw the third strike. According to defendant's passenger who was sitting right next to him, the first hit was 50 to 60 miles an hour. The second hit, according to her statement in grand jury testimony, was even harder. And after hitting 50 to 60 miles an hour, a second hit even harder, he went and did a third hit. This is not some punching. This is an intentional act to cause serious great bodily harm or death. And it's Judge, I'm sorry, Battalion Chief Timothy saw this third strike. And both were in motion at the time. Both the defendants and the victims were in motion at the time. Importantly for this issue was the type of hit beyond the strength of the hit. This was a hit that pushed the SUV on the first and second, and obviously the third time because it fell over. But the victims testified to being pushed to the front from the back. The second hit, defendant moved to the side of the SUV and tried to push it over. This SUV was totally without defenses. There was no place for it to go. And defendant went and took a third hit. When someone punches, perhaps there's a degree of recklessness in it. But there's no degree of recklessness in hitting the van one, two, three times. Perhaps there would have been a fourth time and a fifth time if the van didn't roll over. Secondly, defendant exited. He hightailed it out of there as soon as that van pulled over. Does that show recklessness? That shows a consciousness of guilt. And if I might address the standard of review. There are some cases that suggest a standard of review of de novo. Before you do that, and I think pretty much it, the Supreme Court has said, quote, a defendant acts recklessly when he's aware that his conduct might result in death or great bodily harm, although that result is not substantially certain to occur, end quote. Doesn't that describe the situation we're looking at? I don't believe so at all. Why not? Because of the multiple strikes. The multiple strikes, he hits the van once and not pleased with the results, he hits it a second time even harder from a standpoint of the side. That doesn't show an intent to do harm to the people, and perhaps an intent to have it fall over by hitting it on the side at a greater force. However, there's two theories, that he intended to have it turn over, intended to have it cause injury or death to the people, or a strong probability. And the people win under the strong probability too. Hitting from purposely causing a collision three times with accelerating strength shows an intent to do harm to the people in the victim's SUV. But again, what I just read you talks about the degree of harm. Correct. And who could not foresee a serious bodily injury from defendant's actions in this case? The evidence here was very, very strong. That jury returned the verdict in two and a half hours. And this jury — Maybe they wouldn't have if they had the third option. Isn't that what this case is all about? And if they had that third option, they would have acquitted on the intentional crimes of aggravated battery for the other seven. Because that is an intentional — that would be intentional. That — those are — It's not a specific intent crime, aggravated battery. It's a general intent crime. The — Right? Right. Perhaps, yes. More than perhaps. Okay. Defendant actually had to make a U-turn in order to attack these people. He was facing the opposite direction, went back and bashed her three times. The results of a serious bodily injury and death was not so extraordinary that his actions is just reckless. If I could circle around, this is a new theory that's raised in the reply brief, that he — a concession that he intentionally hit the van. You're not objecting to the concession, are you? No, but I'm suggesting that the court — But I'm suggesting — Good. I'm sure your supervisors would be pleased that you weren't. But I'm suggesting that the argument has been forfeited. It's not something — perhaps if that argument was raised to Judge Klatch, he would have addressed it and say, no, I still think he intensely wanted to cause harm to the people in that SUV, or at least he did it with a strong knowledge of a strong probability that serious injury would occur. Anything else? Nope. Just in closing, once again, this is a very strong case. This is not a case of reckless homicide. This is a case of first-degree murder. And for the reasons here stated and the reasons in the brief, this court should affirm defendant's convictions and sentences. Thank you. Ms. Shah? Very briefly, Your Honors. Opposing counsel, the State's main argument seems to just focus on Santiago's intent in striking the vehicle. However, as I have argued both in my briefs and here, the question is not the intent in striking the vehicle, but the issue is whether the result of that action, the vehicle flipping over, was something he intended. As I stated earlier, there's no direct evidence — In other words, is it more like a punch or more like a shot? Correct. And here, there's no direct evidence of what Santiago's intent in striking the vehicle was. Direct evidence of intent is almost never there. Right. But the only — as close as you get to it is his statement to the passengers saying, they are trying to kill us. The jury could have found that there was evidence that Santiago was acting to intimidate or to frighten or, you know, otherwise act in these ways when he struck the navigator with the minivan. As I said before, the trial court's error deprived the jury of the option of finding him guilty of the lesser included offense. And if there are no further questions, I respectfully ask that this court reverse Mr. Santiago's conviction and remand for a new trial with the lesser included instruction. Thank you. Thank you. This matter will be taken to the advisory committee and a decision will be issued in due course. Thank you. Thank you.